IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS, Reg # 04462-010, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 2:15CV00159-JJV |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Charles Edwards ("Plaintiff") brought this action under the Federal Tort Claims Act ("FTCA") alleging the United States of America ("Defendant") should be held responsible for the Federal Bureau of Prison's failure to secure a clothing iron with which another inmate assaulted him and failure to equip the responding correctional officer with pepper spray. (Doc. No. 2 at 1.) Now, Defendant has filed a Motion for Summary Judgment on all claims (Doc. No. 12). Plaintiff has not filed a response and the deadline for doing so has passed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.    ANALYSIS

Defendant contends Plaintiff's claims are barred by the discretionary function exception to the FTCA.  This exception deprives courts of jurisdiction over claims which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  The purpose of this exemption is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort . . . ."  *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (citations and quotations omitted).  To determine the applicability of the exemption courts must engage in a two-pronged analysis.  First, courts should determine if the conduct challenged involved some element of judgment or choice.  *Id*. at 322.  This prong may be deemed satisfied where no federal statute, regulation, or policy dictates a government employee's actions. *See, e.g., Demery v. United States DOI*, 357 F.3d 830, 833 (8th Cir.  2004).  The second prong asks whether the choice in question involved considerations of social, economic, or political policy.  *Id*. In making this determination, it is irrelevant whether the defendant actually consciously weighed policy considerations.  *C.R.S. by D.B.S. v. United States*, 11 F.3d 791, 801 (8th Cir. 1993).  It is

enough that the judgment or decision is susceptible to such analysis. *Id*.

After applying the foregoing analysis to the facts of this case, I conclude the exception applies. First, Defendant states that no statutes, regulations, or policies mandate securing clothing irons or arming correctional officers with pepper spray. Second, Defendant persuasively argues that leaving clothing irons unsecured and declining to issue pepper spray to correctional officers are decisions which are susceptible to economic policy analysis - namely the cost and availability of implementing these additional safety measures. Plaintiff, by failing to respond to Defendant's Motion, has not offered any countervailing argument.

Based on the foregoing, I will grant Defendant's Motion in all respects save its request for a with prejudice dismissal. Where a dismissal rests on lack of jurisdiction, a dismissal without prejudice is more appropriate. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

### IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED in part and DENIED in part.

    A. This action is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED this 15th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE